## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **YETI Coolers, LLC,** | **Case No. 1:19-CV-00912** |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| v. | |
| **Olympia Tools International, Inc. d/b/a Coho Outdoors,** | (1) TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114(1); |
| **Defendant.** | (2) TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a); |

(1) **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114(1);**
(2) **TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);**
(3) **TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);**
(4) **TRADE DRESS DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;**
(5) **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);**
(6) **FALSE ADVERTISING IN VIOLATION OF 15 U.S.C. § 1125(a);**
(7) **COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. § 501;**
(8) **– (15) PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271;**
(16) **COMMON LAW TRADE DRESS INFRINGEMENT;**
(17) **COMMON LAW UNFAIR COMPETITION;**
(18) **COMMON LAW MISAPPROPRIATION; AND**
(19) **UNJUST ENRICHMENT.**

**Jury Trial Demanded**

## COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against Olympia Tools International, Inc. d/b/a Coho Outdoors ("Olympia"), alleges as follows:

**The Parties**

1.     YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 7601 Southwest Parkway, Austin, TX 78735.

2.     Olympia is a company organized and existing under the laws of the State of California with a principal place of business at 929 N. Grand Avenue, Covina, CA 91724.

3.     YETI previously filed a lawsuit against Olympia in this Court (1:16-cv-00454) due to Olympia's various violations of YETI's rights, including YETI's intellectual property rights.

**Jurisdiction and Venue**

4.     This is a complaint for damages and injunctive relief based on Olympia's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of coolers, and includes multiple grounds for relief, including trademark and trade dress infringement, trade dress dilution, unfair competition and false designation of origin, false advertising, copyright infringement, patent infringement, misappropriation, and unjust enrichment.  This complaint arises under the Texas Business & Commerce Code; the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* ("the Lanham Act"); the Copyright Act, 17 U.S.C. § 101, *et seq.*; the Patent Act, 35 U.S.C. § 1, *et seq.*; federal common law; and state common law, including the law of Texas.

5.     This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

6.     This Court has personal jurisdiction over Olympia because, *inter alia*, Olympia agrees that jurisdiction for Olympia's violations of YETI's intellectual property rights is in the Western District of Texas, Austin Division.  This Court also has personal jurisdiction over

2

Olympia because, *inter alia*, Olympia is purposefully and intentionally availing itself of the privileges of doing business in the State of Texas, including in this District.  Among other things, (i) Olympia has advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continues to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, infringing products to customers and/or potential customers, including in this District, at least through Costco, through one of Olympia's principal web sites, http://www.cohooutdoors.com/, and through Amazon, (ii) Olympia's tortious acts giving rise to this lawsuit and harm to YETI have occurred and are occurring in the State of Texas, including in this District, (iii) Olympia acted with knowledge that its unauthorized use of YETI's rights would cause harm to YETI in the State of Texas and in this District, and (iv) Olympia's customers and/or potential customers reside in the State of Texas, including in this District.

7.     Venue is proper in this District because Olympia agrees that venue for Olympia's violations of YETI's intellectual property rights is in the Western District of Texas, Austin Division.  Venue is also proper in this District pursuant to at least 28 U.S.C. §§ 1391(a)-(d).

**General Allegations – YETI's Intellectual Property**

8.     For years, YETI has continuously engaged in the design, development, manufacture, promotion, and sale of, among other things, its Roadie® and Tundra® coolers, including, for example, its Roadie® 20 cooler, Tundra® 45 cooler, and Tundra® 65 cooler (collectively, "Roadie® and Tundra® Coolers"), and its Hopper® coolers, including, for example, its Hopper® coolers and Hopper Flip® coolers, and the Sidekick® case that can be attached to YETI's Hopper® coolers (collectively, "Hopper® Coolers").

9.     YETI has extensively and continuously promoted and used the designs of its Roadie® and Tundra® Coolers in the United States and Texas.  Through that extensive and

continuous promotion and use, YETI's designs have become a well-known indicator of the origin and quality of YETI's Roadie® and Tundra® Coolers.  YETI's designs also have acquired substantial secondary meaning in the marketplace and have become famous.  As discussed in more detail below, YETI owns federal and common law trade dress rights relating to its Roadie® and Tundra® Cooler designs.

10.     In view of YETI's extensive and continuous use of the design of YETI's Roadie® and Tundra® Coolers, consumers have come to associate the design of YETI's Roadie® and Tundra® Coolers as a source identifier of YETI, and YETI owns trade dress rights in the design of YETI's Roadie® and Tundra® Coolers. Further, YETI owns Trademark Registration No. 5,163,759 ("the '759 Registration") for the design shown below for "portable coolers."  A copy of this trademark registration is attached as Exhibit 1.

| Illustration 1:  Design of '759 Registration |
| --- |



11.     YETI also has common law trade dress rights relating to its Roadie® and Tundra® Cooler designs.  YETI has enjoyed significant sales of its Roadie® and Tundra® Coolers throughout the United States, including sales to customers in the State of Texas.  YETI

4

has invested significant resources in the design, development, manufacture, advertising, and marketing of its Roadie® and Tundra® Coolers.  The designs and features of YETI's Roadie® and Tundra® Coolers have received widespread and unsolicited public attention.  For example, the Roadie® and Tundra® Coolers have been featured in numerous newspaper, magazine, and Internet articles.

12.     The designs of the Roadie® and Tundra® Coolers have distinctive and non-functional features that identify to consumers that the origin of the coolers is YETI.  As a result of at least YETI's continuous and exclusive use of the designs of the Roadie® and Tundra® Coolers, YETI's marketing, advertising, and sales of the Roadie® and Tundra® Coolers, and the highly valuable goodwill, substantial secondary meaning, and fame acquired as a result, YETI owns common law trade dress rights in the designs and appearances of the Roadie® and Tundra® Coolers, which consumers have come to uniquely associate with YETI.

13.     Exemplary images of YETI's Roadie® and Tundra® Coolers are shown below:



**Illustration 2: Exemplary Images of YETI's Roadie® and Tundra® Coolers.**

**YETI Roadie® Cooler**          **YETI Tundra® 45 Cooler**          **YETI Tundra® 65 Cooler**

14.     YETI has trade dress rights in the overall look, design, and appearance of its Roadie® and Tundra® Coolers, which include the design and appearance of the style line on the front of the coolers; the design and appearance of the style line on the back of the coolers; the

design and appearance of the front corners (with indentations) of the coolers; the design and appearance of the style line above the front style line; the design and appearance of the ledge around the perimeter of the cooler bodies; the design and appearance of the style line on each side of the coolers; the color contrast and color combinations of the coolers; and the relationship of these features to each other and to other features.

15.     For years, YETI has also continuously engaged in the design, development, manufacture, promotion, and sale of its Hopper® Coolers.  YETI created unique, distinctive, and non-functional designs to use with YETI's Hopper® Coolers. YETI has extensively and continuously promoted and used these designs in the United States and Texas.  Through that extensive and continuous promotion and use, YETI's designs have become a well-known indicator of the origin and quality of YETI's Hopper® Coolers.  YETI's designs also have acquired substantial secondary meaning in the marketplace and have become famous.  As discussed in more detail below, YETI owns trade dress rights relating to its Hopper® Cooler designs.

16.     YETI has enjoyed significant sales of the Hopper® Coolers throughout the United States, including to customers in the state of Texas. YETI has invested significant resources in the design, development, manufacture, advertising, and marketing of the Hopper® Coolers. The designs and features of the Hopper® Coolers have received widespread and unsolicited public attention.  For example, the Hopper® Coolers have been featured in numerous newspaper, magazine, and Internet articles.

17.     The designs of the Hopper® Coolers have distinctive and non-functional features that identify to consumers that the origin of the Hopper® Coolers is YETI. As a result of at least YETI's continuous and exclusive use of the designs of the Hopper® Coolers, YETI's marketing,

advertising, and sales of the Hopper® Coolers, and the highly valuable goodwill, substantial secondary meaning, and fame acquired as a result, YETI owns trade dress rights in the designs and appearances of the Hopper® Coolers, which consumers have come to uniquely associate with YETI.

18.     Exemplary images of YETI's Hopper® Coolers are shown below:



19.    YETI has trade dress rights in the overall look, design, and appearance of the Hopper® Coolers, which includes the design and appearance of the walls of the Hopper® Coolers; the design and appearance of the bases of the Hopper® Coolers; the design and appearance of the tops of the Hopper® Coolers; the design and appearance of the straps of the Hopper® Coolers; the design and appearance of the loops of the Hopper® Coolers; the design

and appearance of the stitching of the Hopper® Coolers; the design and appearance of the zippers of the Hopper® Coolers; the design and appearance of the connectors of the Hopper® Coolers; the design and appearance of the handles of the Hopper® Coolers; the color contrasts and color combinations of the Hopper® Coolers; and the relationship of these features to each other and to other features.

20.     YETI also owns copyrights related to its products, including its Roadie® and Tundra® Coolers and its Hopper® Coolers, such as Copyright Registration No. VA 2-166-327 ("the '327 Registration"), Copyright Registration No. 2-166-180 ("the '180 Registration), and Copyright Registration No. 2-166-938 ("the '938 Registration").   These copyright registrations are also referred to as "YETI's Copyrights."

21.     The '327 Registration is titled "YETI – HOPPER FLIP 12 Cooler Drawing."  The '327 Registration certificate was duly and legally issued by the U.S. Copyright Office to YETI on August 20, 2019.  YETI owns the entire right, title, and interest to the '327 Registration.  A copy of the '327 Registration certificate is attached as Exhibit 2 and the copyrighted images are shown in Illustration 4 below:

**Illustration 4: YETI – HOPPER FLIP 12 Cooler Drawings for the '327 Registration.**



22.     The '180 Registration is titled "YETI – TUNDRA 45 Cooler Drawing."  The '180 Registration certificate was duly and legally issued by the U.S. Copyright Office to YETI on August 20, 2019.  YETI owns the entire right, title, and interest to the '180 Registration.  A copy of the '180 Registration certificate is attached as Exhibit 3 and the copyrighted images are shown in Illustration 5 below:

**Illustration 5: YETI – TUNDRA 45 Cooler Drawings for the '180 Registration.**



23.     The '938 Registration is titled "YETI – Additional Features Artwork."  The '938 Registration certificate was duly and legally issued by the U.S. Copyright Office to YETI on August 20, 2019.  YETI owns the entire right, title, and interest to the '938 Registration.  A copy

of the '938 Registration certificate is attached as Exhibit 4 and the copyrighted images are shown

in Illustration 6 below:



Illustration 6: YETI – Additional Features Artwork for the '938 Registration.

24.    YETI also owns patents related to its products.  For example, YETI owns U.S.

Design Patent No. D799,905 ("the '905 patent"), U.S. Design Patent No. D801,123 ("the '123

patent"), U.S. Design Patent No, D809,869 ("the '869 patent"), U.S. Design Patent No.

D830,132 ("the '132 patent"), and U.S. Design Patent No. D830,133 ("the '133 patent"), all

related to an insulating device or cooler.  Further, YETI owns U.S. Patent No. 9,139,352 ("the

'352 patent"), U.S. Patent No. 9,796,517 ("the '517 patent"), and U.S. Patent No. 10,029,842

("the '842 patent"), all related to an insulating container or insulating device.

25.    The '905 patent is entitled "Insulating Device." On October 17, 2017, the '905

patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire

right, title, and interest to the '905 patent.  A copy of the '905 patent is attached as Exhibit 5. An

exemplary figure from the '905 patent is shown in Illustration 7 below:

| Illustration 7:  Exemplary Figure from the '905 Patent. |
|---|
|  |

26.     The '123 patent is entitled "Insulating Device." On October 31, 2017, the '123 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '123 patent.  A copy of the '123 patent is attached as Exhibit 6. An exemplary figure from the '123 patent is shown in Illustration 8 below:

| Illustration 8:  Exemplary Figure from the '123 Patent. |
|---|



27.     The '869 patent is entitled "Insulating Device." On February 13, 2018, the '869 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '869 patent.  A copy of the '869 patent is attached as Exhibit 7. An exemplary figure from the '869 patent is shown in Illustration 9 below:

| Illustration 9:  Exemplary Figure from the '869 Patent. |
| :---: |



28.     The '132 patent is entitled "Cooler." On October 9, 2018, the '132 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '132 patent.  A copy of the '132 patent is attached as Exhibit 8. An exemplary figure from the '132 patent is shown in Illustration 10 below:

**Illustration 10:  Exemplary Figure from the '132 Patent.**



29.    The '133 patent is entitled "Cooler." On October 9, 2018, the '133 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '133 patent.  A copy of the '133 patent is attached as Exhibit 9. An exemplary figure from the '133 patent is shown in Illustration 11 below:

| Illustration 11:  Exemplary Figure from the '133 Patent. |
| --- |



30.     The '352 patent is entitled "Insulating Container." On September 22, 2015, the '352 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '352 patent.  A copy of the '352 patent is attached as Exhibit 10.

31.     The '517 patent is entitled "Insulating Container." On October 24, 2017, the '517 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '517 patent.  A copy of the '517 patent is attached as Exhibit 11.

32.     The '842 patent is entitled "Insulating Device." On July 24, 2018, the '842 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '842 patent.  A copy of the '842 patent is attached as Exhibit 12.

**General Allegations – Olympia's Unlawful Activities**

33.     Olympia has purposefully advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continues to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, cooler products that violate YETI's rights, including YETI's trademark and trade dress rights, YETI's copyright rights, and YETI's patent rights.   Olympia's infringing cooler products are confusingly similar imitations of YETI's products.

34.     Olympia's infringing cooler products include at least its Coho Outdoors Extreme 55 hard cooler, RealCold Ice Bag soft-sided cooler (24 can), and RealCold Ice Bag soft-sided cooler (30 can).  Exemplary images of Olympia's infringing cooler products are shown below:

| Illustration 12:  Exemplary Images of Olympia's Infringing Cooler Products |
|:---:|
|  |
| **Coho Outdoors Extreme 55 Cooler** |



**Coho RealCold Ice Bag
Soft-Sided Cooler (24 can)**



**Coho RealCold Ice Bag
Soft-Sided Cooler (30 can)**

35.     YETI used its trade dress extensively and continuously before Olympia began advertising, promoting, offering to sell, selling, distributing, manufacturing, and/or importing its infringing products.   Moreover, YETI's trade dress became famous and acquired secondary meaning in the United States and in the State of Texas generally and in geographic areas in Texas before Olympia commenced its unlawful use of YETI's trade dress.

36.     Additionally, at least through http://www.cohooutdoors.com/, Olympia is using altered images of YETI's coolers and passing them off as Olympia's coolers.   Olympia is also copying YETI's artwork at least from YETI's website, www.yeti.com.   These images and artwork are protected by YETI's copyright Registrations discussed above.   Examples of Olympia's conduct are shown below:

**Illustration 13: Image from http://www.cohooutdoors.com/**



**Illustration 14: Image from http://www.cohooutdoors.com/**



| Illustration 15: Image from http://www.cohooutdoors.com/ |
| --- |



37.    Olympia has also used and continues to use statements that are false and misleading.  For example, Olympia uses a "Coho Brand Ambassador" named "Jeremiah Tailor," who is described as "Just A Good Ole Boy," to advertise, market, promote, offer to sell, and sell its infringing cooler products, but there is no such person who is a Coho Brand Ambassador, and the image of "Jeremiah Tailor" is a stock image.

38.    Exemplary false and misleading statements from Olympia include the following:

| Illustration 16: Image from http://www.cohooutdoors.com/ |
|---|

COHO BRAND AMBASSADOR

## "I AM NOT FAMOUS – I HUNT I FISH I DRINK BEER OUTSIDE AND I KEEP'EM COLD WITH THE COHO EXTREME 55"

Jeremiah Tailor | *Just A Good Ole Boy*



39.     As discussed above and as set forth in the counts below, Olympia's actions are unfair and unlawful.

**Count I:**
**Trademark Infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

40.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 39 as though fully set forth herein.

41.     Based on the activities described above, including, for example, Olympia using YETI's federally registered trademark, including at least the design protected by the '759 Registration, and/or colorable imitations thereof, in connection with advertising, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the infringing products, Olympia has infringed YETI's federally registered trademark under § 32(1) of the Lanham Act,

15 U.S.C. § 1114(1).  Olympia's use of YETI's federally registered trademark, including through counterfeits, reproductions, copies, and/or colorable imitations, thereof is likely to cause confusion, or to cause mistake, or to deceive.   Moreover, the '759 Registration predates Olympia's unlawful use of YETI's federally registered trademark and/or colorable imitations thereof in connection with the infringing products.

42.    Olympia's use of YETI's federally registered trademark and/or colorable imitations thereof in connection with the infringing products has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's federally registered trademark, YETI's products, and YETI.

43.    On information and belief, Olympia's use of YETI's federally registered trademark and/or colorable imitations thereof has been intentional, willful, and malicious. Olympia's bad faith is evidenced at least by Olympia's unlawful use of YETI's federally registered trademark in an effort to sell the infringing products, Olympia's knowledge of YETI's rights, and Olympia's continuing disregard for YETI's rights.

44.    YETI is entitled to injunctive relief, and YETI is entitled to recover at least Olympia's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1114(1), 1116, and 1117.

**Count II:**
**Trade Dress Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

45.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 44 as though fully set forth herein.

46.     Olympia's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by infringing YETI's trade dress.  Olympia's use of YETI's trade dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Olympia with YETI and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

47.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Olympia commenced its unlawful use of YETI's trade dress in connection with the infringing products.

48.     Olympia's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

49.     On information and belief, Olympia's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Olympia's bad faith is evidenced

at least by the similarity of the infringing products to YETI's trade dress, Olympia's knowledge of YETI's rights, and Olympia's continuing disregard for YETI's rights.

50.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Olympia's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count III:**
**Trade Dress Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

51.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 50 as though fully set forth herein.

52.     Based on the activities described above, including, for example, Olympia's advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the infringing products, Olympia is likely to dilute, has diluted, and continues to dilute YETI's famous trade dress in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Olympia's use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI and YETI's products, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

53.     YETI's trade dress is famous and is entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI's trade dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trade dress in the United States. Through that extensive and continuous use, YETI's trade dress has become a famous, well-known indicator of the origin and quality of YETI's

products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI and YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before Olympia commenced its unlawful use of YETI's trade dress in connection with the infringing products.

54.     Olympia's use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

55.     On information and belief, Olympia's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Olympia's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, Olympia's knowledge of YETI's rights, and Olympia's continuing disregard for YETI's rights.

56.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Olympia's profits, YETI's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count IV:**
**Trade Dress Dilution Under Tex. Bus. & Com. Code § 16.103**

57.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 56 as though fully set forth herein.

58.     Based on the activities described above, including, for example, Olympia's advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the infringing products, Olympia is likely to dilute, has diluted, and continues to dilute

YETI's trade dress in violation of § 16.103 of the Texas Business & Commerce Code. Olympia's use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

59.     YETI's trade dress is famous and is entitled to protection under Texas law. YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used its trade dress in the United States and in the State of Texas.   Through that extensive and continuous use, YETI's trade dress has become a famous, well-known indicator of the origin and quality of YETI's products in the United States and in the State of Texas generally and in geographic areas in Texas, and YETI's trade dress is widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's products.   YETI's trade dress has also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas.   Moreover, YETI's trade dress became famous and acquired this secondary meaning before Olympia commenced its unlawful use of YETI's trade dress in connection with the infringing products.

60.     Olympia's use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable

injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

61.     On information and belief, Olympia's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Olympia's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, Olympia's knowledge of YETI's rights, and Olympia's continuing disregard for YETI's rights.

62.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Olympia's profits, YETI's actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

### Count V:
### Unfair Competition and False Designation of Origin under § 43(a)
### of the Lanham Act, 15 U.S.C. § 1125(a)

63.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 62 as though fully set forth herein.

64.     Olympia's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and constitute unfair competition and false designation of origin, at least because Olympia has obtained an unfair advantage as compared to YETI through Olympia's use of YETI's trade dress and because such use is likely to cause consumer confusion as to the origin, sponsorship, and/or affiliation of Olympia's infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.

65.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and

27

continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Olympia commenced its unlawful use of YETI's trade dress in connection with the infringing products.

66.     Olympia's use of YETI's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

67.     On information and belief, Olympia's use of YETI's trade dress has been intentional, willful, and malicious.  Olympia's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, Olympia's knowledge of YETI's rights, and Olympia's continuing disregard for YETI's rights.

68.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Olympia's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count VI:**
**False Advertising under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

69.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 68 as though fully set forth herein.

70.     Based on the activities described above, including, for example, Olympia falsely using a "Coho Brand Ambassador" named "Jeremiah Tailor," who does not exist, to advertise, market, promote, offer to sell, and sell its infringing cooler products, in direct competition with

YETI, Olympia has engaged in false advertising under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

71.     Olympia's descriptions and representations of fact in connection with Olympia's infringing products are false and misleading.  Olympia has engaged in commercial advertising and promotion and misrepresented at least the nature and characteristics of its goods and commercial activities.

72.     Olympia's actions have caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI and its products.

73.     On information and belief, Olympia's false advertising has been intentional, willful, and malicious.  Olympia's bad faith is evidenced at least by Olympia's infringement of YETI's other rights, Olympia's knowledge of YETI's rights, and Olympia's continuing disregard for YETI's rights.

74.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Olympia's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count VII:**
**Copyright Infringement under 17 U.S.C. § 501**

75.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 74 as though fully set forth herein.

76.     Based on the activities described above, including, for example, copying, reproducing, making, displaying, distributing, using, and/or preparing derivative works of YETI's Copyrights—and doing so to help advertise, promote, offer for sale, sell, distribute,

manufacture, and/or import its infringing products—Olympia has infringed YETI's Copyrights in violation of at least 17 U.S.C. § 501.

77.     On information and belief, Olympia's acts of infringement have been intentional, willful, and malicious.  Olympia's bad faith is evidenced at least by Olympia's direct copying of YETI's Copyrights, and Olympia then using these copies to, *inter alia*, advertise, promote, offer for sale, sell, distribute, manufacture, and/or import Olympia's infringing products.  Olympia's bad faith is further evidenced by Olympia's infringement of YETI's other rights, Olympia's knowledge of YETI's rights, and Olympia's continuing disregard for YETI's rights.

78.     Each infringement by Olympia of YETI's Copyrights constitutes a separate and distinct act of infringement.

79.     Olympia's infringement of YETI's Copyrights has caused irreparable injury to YETI.

80.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's actual damages and/or Olympia's profits under 17 U.S.C. § 504(b), or in the alternative statutory damages under 17 U.S.C. § 504(c), and costs at least under 17 U.S.C. § 505.

**Count VIII:**
**Patent Infringement of U.S. Patent D799,905 Under 35 U.S.C. § 271**

81.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 80 as though fully set forth herein.

82.     Olympia has infringed and continues to infringe the '905 patent at least by using, selling, offering to sell, making, and/or importing into the United States Olympia's infringing RealCold Ice Bag Soft-Sided Coolers (24 can), which are covered by the claim of the '905 patent.

83.     Olympia's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

84.     On information and belief, Olympia's infringement of the '905 patent has been intentional, willful, and malicious.  Olympia's bad faith is evidenced at least by the similarity of the infringing products to YETI's patented design, Olympia's knowledge of YETI's rights, and Olympia's continuing disregard for YETI's rights.

85.     On information and belief, this is an exceptional case in view of Olympia's unlawful activities, including Olympia's intentional, willful, and malicious infringement.

86.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

87.     Olympia also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count IX:**
**Patent Infringement of U.S. Patent D801,123 Under 35 U.S.C. § 271**

88.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 87 as though fully set forth herein.

89.     Olympia has infringed and continues to infringe the '123 patent at least by using, selling, offering to sell, making, and/or importing into the United States Olympia's infringing RealCold Ice Bag Soft-Sided Coolers (24 can), which are covered by the claim of the '123 patent.

90.     Olympia's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

91.     On information and belief, Olympia's infringement of the '123 patent has been, and continues to be, intentional, willful, and malicious.  Olympia's bad faith is evidenced at least by the similarity of the infringing products to YETI's patented design, Olympia's knowledge of YETI's rights, and Olympia's continuing disregard for YETI's rights.

92.     On information and belief, this is an exceptional case in view of Olympia's unlawful activities, including Olympia's intentional, willful, and malicious infringement.

93.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

94.     Olympia also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count X:**
**Patent Infringement of U.S. Patent D809,869 Under 35 U.S.C. § 271**

95.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 94 as though fully set forth herein.

96.     Olympia has infringed and continues to infringe the '869 patent at least by using, selling, offering to sell, making, and/or importing into the United States Olympia's infringing RealCold Ice Bag Soft-Sided Coolers (24 can), which are covered by the claim of the '869 patent.

97.     Olympia's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

98.     On information and belief, Olympia's infringement of the '869 patent has been, and continues to be, intentional, willful, and malicious.  Olympia's bad faith is evidenced at least

by the similarity of the infringing products to YETI's patented design, Olympia's knowledge of YETI's rights, and Olympia's continuing disregard for YETI's rights.

99.     On information and belief, this is an exceptional case in view of Olympia's unlawful activities, including Olympia's intentional, willful, and malicious infringement.

100.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

101.    Olympia also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XI:**
**Patent Infringement of U.S. Patent D830,132 Under 35 U.S.C. § 271**

102.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 101 as though fully set forth herein.

103.    Olympia has infringed and continues to infringe the '132 patent at least by using, selling, offering to sell, making, and/or importing into the United States Olympia's infringing RealCold Ice Bag Soft-Sided Coolers (30 can), which are covered by the claim of the '132 patent.

104.    Olympia's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

105.    On information and belief, Olympia's infringement of the '132 patent has been, and continues to be, intentional, willful, and malicious.  Olympia's bad faith is evidenced at least by the similarity of the infringing products to YETI's patented design, Olympia's knowledge of YETI's rights, and Olympia's continuing disregard for YETI's rights.

106.    On information and belief, this is an exceptional case in view of Olympia's unlawful activities, including Olympia's intentional, willful, and malicious infringement.

107.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

108.    Olympia also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XII:**
**Patent Infringement of U.S. Patent D830,133 Under 35 U.S.C. § 271**

109.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 108 as though fully set forth herein.

110.    Olympia has infringed and continues to infringe the '133 patent at least by using, selling, offering to sell, making, and/or importing into the United States Olympia's infringing RealCold Ice Bag Soft-Sided Coolers (30 can), which are covered by the claim of the '133 patent.

111.    Olympia's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

112.    On information and belief, Olympia's infringement of the '133 patent has been, and continues to be, intentional, willful, and malicious.  Olympia's bad faith is evidenced at least by the similarity of the infringing products to YETI's patented design, Olympia's knowledge of YETI's rights, and Olympia's continuing disregard for YETI's rights.

113.    On information and belief, this is an exceptional case in view of Olympia's unlawful activities, including Olympia's intentional, willful, and malicious infringement.

114.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

115.    Olympia also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XIII:**
**Patent Infringement of U.S. Patent 9,139,352 Under 35 U.S.C. § 271**

116.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 115 as though fully set forth herein.

117.    Olympia has infringed and continues to infringe the '352 patent at least by using, selling, offering to sell, making, and/or importing into the United States Olympia's infringing RealCold Ice Bag Soft-Sided Coolers (24 can) and infringing RealCold Ice Bag Soft-Sided Coolers (30 can), which include each and every element of one or more claims of the '352 patent, either literally or through the doctrine of equivalents, including at least claim 1.

118.    Olympia's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

119.    On information and belief, Olympia's infringement of the '352 patent has been, and continues to be, intentional, willful, and malicious.  Olympia's bad faith is evidenced at least by the similarity of the infringing products to YETI's patented technology, Olympia's knowledge of YETI's rights, and Olympia's continuing disregard for YETI's rights.

120.    On information and belief, this is an exceptional case in view of Olympia's unlawful activities, including Olympia's intentional, willful, and malicious infringement.

121.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

122.    Olympia also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XIV:**
**Patent Infringement of U.S. Patent 9,796,517 Under 35 U.S.C. § 271**

123.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 122 as though fully set forth herein.

124.    Olympia has infringed and continues to infringe the '517 patent at least by using, selling, offering to sell, making, and/or importing into the United States Olympia's infringing RealCold Ice Bag Soft-Sided Coolers (30 can), which include each and every element of one or more claims of the '517 patent, either literally or through the doctrine of equivalents, including at least claim 1.

125.    Olympia's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

126.    On information and belief, Olympia's infringement of the '517 patent has been, and continues to be, intentional, willful, and malicious.  Olympia's bad faith is evidenced at least by the similarity of the infringing products to YETI's patented technology, Olympia's knowledge of YETI's rights, and Olympia's continuing disregard for YETI's rights.

127.    On information and belief, this is an exceptional case in view of Olympia's unlawful activities, including Olympia's intentional, willful, and malicious infringement.

128.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

129.    Olympia also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XV:**
**Patent Infringement of U.S. Patent 10,029,842 Under 35 U.S.C. § 271**

130.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 129 as though fully set forth herein.

131.    Olympia has infringed and continues to infringe the '842 patent at least by using, selling, offering to sell, making, and/or importing into the United States Olympia's infringing RealCold Ice Bag Soft-Sided Coolers (30 can), which include each and every element of one or more claims of the '842 patent, either literally or through the doctrine of equivalents, including at least claim 1.

132.    Olympia's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

133.    On information and belief, Olympia's infringement of the '842 patent has been, and continues to be, intentional, willful, and malicious.  Olympia's bad faith is evidenced at least by the similarity of the infringing products to YETI's patented technology, Olympia's knowledge of YETI's rights, and Olympia's continuing disregard for YETI's rights.

134.    On information and belief, this is an exceptional case in view of Olympia's unlawful activities, including Olympia's intentional, willful, and malicious infringement.

135.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

136.    Olympia also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XVI:**
**Common Law Trade Dress Infringement**

137.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 136 as though fully set forth herein.

138.    Olympia's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law trade dress infringement, at least because Olympia's use of YETI's trade dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin, sponsorship, and/or affiliation of its infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.

139.    YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this

secondary meaning before Olympia commenced its unlawful use of YETI's trade dress in connection with its infringing products.

140.    Olympia's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

141.    On information and belief, Olympia's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Olympia's bad faith is evidenced at least by the similarity of it its infringing products to YETI's trade dress, Olympia's knowledge of YETI's rights, and Olympia's continuing disregard for YETI's rights.

142.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Olympia's profits, punitive damages, costs, and reasonable attorney fees.

## Count XVII:
## Common Law Unfair Competition

143.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 142 as though fully set forth herein.

144.    Olympia's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of Olympia's goods, by simulating YETI's trade dress in an intentional and calculated manner that is likely to cause consumer confusion as to origin, sponsorship, and/or affiliation of Olympia's infringing products, and by creating the false and misleading impression that its infringing

products are manufactured by, authorized by, or otherwise associated with YETI.  Olympia has also interfered with YETI's business.

145.    YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Olympia commenced its unlawful use of YETI's trade dress in connection with its infringing products.

146.    Olympia's use of YETI's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

147.    On information and belief, Olympia's use of YETI's trade dress has been intentional, willful, and malicious.  Olympia's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress, Olympia's knowledge of YETI's rights, and Olympia's continuing disregard for YETI's rights.

148.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Olympia's profits, punitive damages, costs, and reasonable attorney fees.

## Count XVIII:
## Common Law Misappropriation

149.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 148 as though fully set forth herein.

150.   Olympia's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law misappropriation.

151.   YETI created the Roadie® and Tundra® Coolers and Hopper® Coolers covered by YETI's trade dress through extensive time, labor, effort, skill, and money.  Olympia has wrongfully used YETI's trade dress in competition with YETI and gained a special advantage because Olympia was not burdened with the expenses incurred by YETI.  Olympia has commercially damaged YETI, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of Olympia's infringing products, by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

152.   YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Olympia commenced its unlawful use of YETI's trade dress in connection with its infringing products.

153.   Olympia's use of YETI's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

Moreover, as a result of its misappropriation, Olympia has profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill associated with YETI's trade dress, YETI's products, and YETI.

154. On information and belief, Olympia's misappropriation of YETI's trade dress has been intentional, willful, and malicious. Olympia's bad faith is evidenced at least the similarity of its infringing products to YETI's trade dress, Olympia's knowledge of YETI's rights, and Olympia's continuing disregard for YETI's rights.

155. YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Olympia's profits, punitive damages, costs, and reasonable attorney fees.

**Count XIX:**
**<u>Unjust Enrichment</u>**

156. YETI realleges and incorporates the allegations set forth in paragraphs 1 through 155 as though fully set forth herein.

157. Olympia's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of its infringing products, in direct competition with YETI, constitute unjust enrichment, at least because Olympia has wrongfully obtained benefits at YETI's expense. Olympia has also, *inter alia*, operated with an undue advantage.

158. YETI created the Roadie® and Tundra® Coolers and Hopper® Coolers covered by YETI's trade dress through extensive time, labor, effort, skill, and money. Olympia has wrongfully used and is wrongfully using YETI's trade dress in competition with YETI, and has gained and is gaining a wrongful benefit by undue advantage through such use. Olympia has not been burdened with the expenses incurred by YETI, yet Olympia is obtaining the resulting benefits for its own business and products.

159.    YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Olympia commenced its unlawful use of YETI's trade dress in connection with its infringing products.

160.    Olympia's use of YETI's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.   YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment.  Olympia has wrongfully obtained and is wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

161.    On information and belief, Olympia's unjust enrichment at YETI's expense has been intentional, willful, and malicious.  Olympia's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress, Olympia's knowledge of YETI's rights, and Olympia's continuing disregard for YETI's rights.

162.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Olympia's profits.

**Demand for Jury Trial**

YETI hereby demands a jury trial on all issues so triable.

### Relief Sought

WHEREFORE, Plaintiff respectfully prays for:

1.      Judgment that Olympia has (i) infringed YETI's federally registered trademark in violation of § 1114(1) of Title 15 in the United States Code; (ii) infringed YETI's trade dress in violation of § 1125(a) of Title 15 in the United States Code; (iii) diluted YETI's trade dress in violation of § 1125(c) of Title 15 in the United States Code; (iv) diluted YETI's trade dress in violation of Tex. Bus. & Com. Code § 16.103; (v) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (vi) engaged in false advertising in violation of § 1125(a) of Title 15 in the United States Code; (vii) infringed YETI's Copyrights in violation of § 501 of Title 17 in the United States Code; (viii) infringed the '905 patent in violation of § 271 of Title 35 in the United States Code; (ix) infringed the '123 patent in violation of § 271 of Title 35 in the United States Code; (x) infringed the '869 patent in violation of § 271 of Title 35 in the United States Code; (xi) infringed the '132 patent in violation of § 271 of Title 35 in the United States Code; (xii) infringed the '133 patent in violation of § 271 of Title 35 in the United States Code; (xiii) infringed the '352 patent in violation of § 271 of Title 35 in the United States Code; (xiv) infringed the '517 patent in violation of § 271 of Title 35 in the United States Code; (xv) infringed the '842 patent in violation of § 271 of Title 35 in the United States Code; (xvi) violated YETI's common law rights in YETI's trade dress; (xvii) engaged in common law unfair competition; (xviii) engaged in common law misappropriation; and (xix) been unjustly enriched at YETI's expense, and that all of these wrongful activities by Olympia were intentional, willful, and malicious.

2.      An injunction against further infringement and dilution of YETI's trademarks and trade dress, further infringement of YETI's copyrights, further infringement of YETI's patents,

and further acts of unfair competition, misappropriation, and unjust enrichment by Olympia, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, manufacturing, importing, or advertising the infringing products, or any other products that use a copy, reproduction, or colorable imitation of YETI's trademarks, trade dress, copyrights, and/or patents, pursuant to at least 15 U.S.C. § 1116, Tex. Bus. & Com. Code § 16.104, 17 U.S.C. § 502, and 35 U.S.C. § 283;

3.      An Order directing Olympia to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

4.      An Order directing the destruction of (i) all infringing products, including all recalled infringing products, (ii) any other products that use a copy, reproduction, or colorable imitation of YETI's trademarks, trade dress, copyrights, and/or patents in Olympia's possession or control, (iii) all plates, molds, and other means of making the infringing products in Olympia's possession, custody, or control, and (iv) all advertising materials related to the infringing products in Olympia's possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5.      An Order directing Olympia to publish a public notice providing proper attribution of YETI's trademarks and trade dress to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing products are recalled;

6.      An Order barring importation of the infringing products and/or colorable imitations thereof into the United States, and barring entry of the infringing products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

7.      An award of Olympia's profits, YETI's actual damages, enhanced damages, punitive damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1114(1), 1125(a), 1125(c), 1116, and 1117 and Tex. Bus. & Com. Code § 16.104;

8.      An award of YETI's actual damages and/or Olympia's profits, or in the alternative statutory damages under, and costs pursuant to 17 U.S.C. § 504(b, c) and § 505;

9.      An award of damages adequate to compensate YETI for the patent infringements that have occurred pursuant to 35 U.S.C. § 284, and/or an award of Olympia's profits from its patent infringements pursuant to 35 U.S.C. § 289, together with prejudgment interest and costs and reasonable attorney fees, pursuant to 35 U.S.C. §§ 284 and 285; and

10.     Such other and further relief as this Court deems just and proper.

Dated:  September 16, 2019                Respectfully submitted,


                                          By: /s/ Joseph J. Berghammer
                                          Joseph J. Berghammer (admitted in the Western
                                          District of Texas)
                                          Illinois Bar No. 6273690
                                          jberghammer@bannerwitcoff.com
                                          Michael L. Krashin (admitted in the Western
                                          District of Texas)
                                          Illinois Bar No. 6286637
                                          mkrashin@bannerwitcoff.com
                                          Anthony J. Denis (admitted in the Western District
                                          of Texas)
                                          Illinois Bar No. 6329599
                                          adenis@bannerwitcoff.com
                                          Banner & Witcoff, Ltd.
                                          71 South Wacker Drive
                                          Suite 3600
                                          Chicago, IL 60606
                                          Telephone: (312) 463-5000
                                          Facsimile: (312) 463-5001

                                          **ATTORNEYS FOR YETI COOLERS, LLC**